UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NATHANIAL TUFF,

                        Plaintiff,

v.                                                6:12-CV-0550
                                                    (GTS/DEP)

MARISSA MONTANA GUZMAN, Case Worker;
and ONEIDA CNTY. CHILD PROTECTIVE SERVS.,

                        Defendants.
_____

APPEARANCES:                                  OF COUNSEL:

NATHANIEL TUFF
 Plaintiff, *Pro Se*
1617 Miller Street
Utica, New York 13501

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

       Currently before the Court, in this *pro se* civil rights action filed by Nathaniel Tuff ("Plaintiff") against the above-captioned individual and entity ("Defendants") pursuant to 42 U.S.C. § 1983, is the Report-Recommendation of United States Magistrate Judge David E. Peebles recommending that Plaintiff's Complaint be *sua sponte* dismissed in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3), with leave to amend as to Section 1983 claims asserted on his own behalf within thirty days of any Decision and Order adopting the Report-Recommendation.  (Dkt. No. 4.)  Plaintiff has not filed an Objection to the Report-Recommendation (which was filed on May 4, 2012), and the time period in which to do so has expired.  (*See generally* Docket Sheet.)  For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety.

I.     **RELEVANT BACKGROUND**

Generally, in his Complaint, filed on March 28, 2012, Plaintiff alleges that Defendants violated his civil rights, and those of his three children, by (1) detaining his three children without informing them of their civil rights on February 13, 2012, and (2) "left out important info[rmation]" in reports to Child Protective Services on March 9, 2012.  (Dkt. No. 1, at ¶ 4.) Based on these allegations, Plaintiff's Complaint asserts the following three claims, purportedly on his own behalf and the behalf of his three children: (1) a claim of "unethical use of authority" under 18 U.S.C. § 242; (2) a claim of violation of "the right to pursue happiness" and "the right to have [one's] parents present during questioning" under 42 U.S.C. § 1983; and (3) negligence based on the "harass[ment of Plaintiff] when [his] children weren't home," under 42 U.S.C. § 1983 and/or state law.  (*Id*. at ¶ 5.)

Generally, in his Report-Recommendation, Magistrate Judge Peebles bases his recommendation of dismissal on the following three findings: (1) the Court lacks subject-matter jurisdiction over Plaintiff's claims asserted on behalf of his children pursuant due to a lack of standing, requiring the dismissal of those claims under Fed. R. Civ. P. 12(h)(3); (2) Plaintiff's sparse Complaint fails to allege facts plausibly suggesting a violation of 42 U.S.C. § 1983 or 18 U.S.C. § 242, or a claim for either negligence or harassment, pursuant to Fed. R. Civ. P. 12(b)(6), and/or is frivolous, requiring the dismissal of those claims under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(i),(ii); and (3) Defendant Guzman is immune from liability by N.Y. Soc. Servs. Law § 419, requiring the dismissal of Plaintiff's claims against her under Fed. R. Civ. P. 12(h)(3) and/or 28 U.S.C. § 1915(e)(2)(B)(ii).  (Dkt. No. 21, at Part II.C.) However, in deference to  Plaintiff's special status as a *pro se* civil rights litigant, Magistrate Judge Peebles recommends that Plaintiff be allowed thirty days in which to amend his Complaint

with respect to those claims asserted under 28 U.S.C. § 1983 on his own behalf.  (*Id.* at Part II.D.)

## II.    STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review.  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).  To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection."  N.D.N.Y. L.R. 72.1(c).[1]  When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ."  28 U.S.C. § 636(b)(1).  However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2]

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.[3]  Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[4]  Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[5]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

---

[3]   *See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

[4]   *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[5]   *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

**III.    ANALYSIS**

Because Plaintiff did not submit an objection to the Report-Recommendation, the Court reviews the Report-Recommendation only for clear error, as described above in Part II of this Decision and Order.  After carefully reviewing the relevant filings in this action, the Court can find no clear error in the Report-Recommendation.  Magistrate Judge Peebles employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (Dkt. No. 4.)  As a result, Magistrate Judge Peebles' Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein.  (*Id*.)  Indeed, Magistrate Judge Peebles' thorough and correct Report-Recommendation would survive even a de novo review.

The Court adds two brief points.  First, the Court notes that, on May 21, 2012, Magistrate Judge Peebles' Report-Recommendation was returned to the Court as "unclaimed" by Plaintiff. (Dkt. No. 5.)  To the extent that failure to claim was due to Plaintiff's failure to provide an updated address to the Court, the dismissal of this action is premised on the alternative ground that Plaintiff has failed to update his address, warranting dismissal under Local Rule 10.1(c)(2), Local Rule 41.2(b), and/or Fed. R. Civ. P. 41(b).  The Court notes that Plaintiff, who is an experienced litigant in this Court, was reminded of his duty to keep the Clerk's Office apprised of his current address by page 43 of the District's *Pro Se* Handbook, a courtesy copy of which was provided to Plaintiff on March 28, 2012.  (Dkt. No. 3.)

Second, not only did Plaintiff file the five cases listed by Magistrate Judge Peebles in footnote 1 of this Report-Recommendation before filing this action, Plaintiff filed a sixth case before filing this action.  *See Tuff v. Comm'r of Soc. Sec.*, 12-CV-0428, Complaint (N.D.N.Y. filed March 9, 2012).  While that sixth case is currently pending with the undersigned, the five cases listed by Magistrate Judge Peebles were each rather readily dismissed by the Court as patently without merit.  Under the circumstances, Plaintiff is respectfully cautioned that he is fast

becoming "more a pro litigant than a *pro se* litigant." *Medina v. Hunt*, 05-CV-1460, 2008 WL 4426748, at *2 (N.D.N.Y. Sept. 25, 2008) (Report-Recommendation of Lowe, M.J., adopted by Sharpe, J.); *Zimmerman v. Burge*, 06-CV-0176, 2008 WL 850677, at *10 (N.D.N.Y. March 28, 2008) (Report-Recommendation of Lowe, M.J., adopted by Sharpe, J.).  What is more, he is fast becoming an abusive litigant.  If this trend continues, <u>Plaintiff may well be directed to show cause as to why he should not be barred from filing any future *pro se* actions in this Court without prior leave of the Court, pursuant to 28 U.S.C. § 1651(a) and the Court's inherent authority to manage its docket so as to prevent abuse in its proceedings</u>.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Peebles' Report-Recommendation (Dkt. No. 4) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**, and this action closed, unless, within **THIRTY (30) DAYS** of the date of this Decision and Order, Plaintiff submits an Amended Complaint that complies with the recommendations made in Magistrate Judge Peebles' Report-Recommendation (Dkt. No. 4); and it is further

**ORDERED** that, in the event that Plaintiff files an Amended Complaint within thirty (30) days of the date of this Decision and Order, the Clerk of the Court is directed to return the file to Magistrate Judge Peebles for further review.

<u>The Court hereby certifies, for purposes of 28 U.S.C. § 1915(a)(3), that any appeal taken from the Court's final judgment in this action would not be taken in good faith</u>.

Dated: September 12, 2012
      Syracuse, New York

*/s/ Glenn T. Suddaby*
Hon. Glenn T. Suddaby
U.S. District Judge